IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,252-01






EX PARTE JERMAINE JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W02-54106-W(A) IN THE 363RD JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded nolo contendere to one
charge of possession with intent to deliver a controlled substance, and was sentenced to eight years'
imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his plea was not knowingly and voluntarily entered, and
that his trial counsel rendered ineffective assistance because Applicant was not advised that two
other convictions for aggravated assault, which Applicant received on the same date as this
conviction and for which the sentences are running concurrently with this sentence, would affect
Applicant's ability to be release on parole or mandatory supervision for this conviction. Applicant
also alleges that his trial counsel failed to advise him of the consequences of his plea, and failed to
timely advise him of his appellate rights.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the charging document,
plea papers, and judgment in this cause. The trial court shall make findings as to whether there was
a plea agreement in this case, or whether it was an open plea. The trial court shall then make
findings of fact as to whether Applicant was properly admonished as to the nature of the charges, the
applicable punishment range, the rights he was waiving, and the consequences of his plea. The trial
court shall make findings as to whether Applicant's eligibility for parole and/or mandatory
supervision was an affirmative element of the plea agreement, if there was in fact a plea agreement. 
The trial court shall also make findings as to whether Applicant was advised of his appellate rights,
if he retained any appellate rights, and whether he indicated that he wanted to appeal this conviction
and/or sentence. The trial court shall make findings as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 20, 2008

Do not publish